## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

In re:

Lee Duncan, SS#:***-**-0584

Debtor

Case No:  10-17127-WCH
Chapter 13

## MOTION TO APPROVE TRIAL PERIOD PLAN UNDER THE LOAN MODIFICATION

## AGREEMENT

NOW COMES the Debtor, Lee Duncan, and respectfully requests the court to approve the terms

of the attached trial period plan under his loan modification agreement.

1.    On or around June 30, 2010, Debtor filed a Chapter 13 petition for bankruptcy which

stayed the foreclosure sale on his condominium located at 171 South Street Unit 15A,

Jamaica Plain, MA 02130.

2.    The current mortgage payment is $605.46 per month and the current interest rate is

6.6250%. There is an arrears of $16,444.53 being paid by the Trustee.

3.    The mortgage is paid directly by debtor and the mortgage arrears are paid through the

Trustee.

4.    On or around October 7, 2010, Wells Fargo Bank, N.A. approved Debtor's trial

period plan under the Home Affordable Modification Program for his mortgage loan

(See "Exhibit A" for  Trial Period Plan Approval Notice).

5.    The trial period plan under the loan modification agreement does not pay-off the

plan.

6.    The trial period plan under the loan modification agreement, effective November 1,

2010 changes the mortgage payment to $319.91. The estimated modified interest

rate is 2.0%. The pre-petition arrears are put to the back of the loan.

7.      Under the trial period plan under the loan modification agreement, post-petition

arrears, if any, are put to the back of the plan.

8.      On or around November 10, 2010, Debtor filed a Motion to Amend the Chapter 13

Plan to reflect the trial period payments under the loan modification agreement (See

"Exhibit B" for Debtor's Motion to Amend the Chapter 13 Plan and Amended

Chapter 13 Plan).

WHEREFORE, the Debtor respectfully requests that this Honorable Court grant the Motion to

Allow the Trial Period Plan Under the Loan Modification Agreement and order any other remedy

this Court deems mete and just.

Date:    November 10, 2010                          /s/ Hsindy Chen_____

                                                    Hsindy Chen
                                                    Attorney for Debtor
                                                    BBO #674-094
                                                    Volunteer Lawyers Project
                                                    99 Chauncy St, Suite 400
                                                    Boston, MA 02111
                                                    (617) 423-0648

# UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MASSACHUSETTS

**In re:**

**Lee Duncan, SS#:***-**-0584**

**Debtor**

**Case No:  10-17127-WCH**
**Chapter 13**

**Order Granting Motion to Allow the Trial
Period Plan under the Loan Modification
Agreement**

It is ORDERED that the Debtor's Motion to Allow the Trial Period Plan under the Loan
Modification Agreement has been granted.

Date:

_____

United States Bankruptcy Judge

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF MASSACHUSETTS

**In re:**

**Lee Duncan, SS#:\*\*\*-\*\*-0584**

**Debtor**

Case No:  10-17127-WCH
Chapter 13

### CERTIFICATE OF SERVICE

I, Hsindy Chen, certify that this day of November 10, 2010 I electronically filed the enclosed **Motion to Approve the Trial Period Payments Under the Loan Modification Agreement** via the CM/ECF System of the US Bankruptcy Court for the District of Massachusetts and thereby served same upon the following CM/ECF participants:

John Fitzgerald, US Trustee
Carolyn Bankowski, Ch. 13 Trustee
Elizabeth A. Lonardo, Esq., Attorney for Wells Fargo Bank, N.A.

I further certify that I have this date served a copy of the same by email on the following non-CM/ECF participants:

Lee Duncan, leemyersd@aol.com

I certify that I have mailed by first class mail, postage prepaid the documents electronically filed with the Court on the following non CM/ECF participants:

Wells Faro Bank, N.A.
MAC X2501-01D
1 Home Campus
Des Monies, IA 50328

Dated: November 10, 2010

/s/ Hsindy Chen_____
Hsindy Chen, BBO# 674094
Volunteer Lawyers Project
99 Chauncy Street, Suite 400
Boston, MA 02111
(617) 671-8282
Hchen@vlpnet.org

# EXHIBIT A

 

**You may be able to make your payments more affordable**
**Call 800-416-1472 for Immediate Assistance**



October 7, 2010
LEE DUNCAN
171 SOUTH STREET
BOSTON, MA  02130

Loan No.: 0758435

Dear LEE DUNCAN,

**Congratulations!**  You are approved to enter into a trial period plan under the Home Affordable Modification Program.  This is the first step toward qualifying for more affordable mortgage payments.  Please read this letter so that you understand all the steps you need to take to modify your mortgage payments.

**What you need to do...**
To accept this offer, you must make new monthly "trial period payments" in place of your normal monthly mortgage payment.  Send your monthly trial period payments—instead of your normal monthly mortgage payment—as follows:

> 1st payment: $319.91 by November 1, 2010
> 2nd payment: $319.91 by December 1, 2010
> 3rd payment: $319.91 by January 1, 2011

After all trial period payments are timely made and you have submitted all the required documents, your mortgage would then be permanently modified.  (Your existing loan and loan requirements remain in effect and unchanged during the trial period.)  **If each payment is not received by Wells Fargo Home Mortgage in the month in which it is due, this offer will end and your loan will not be modified under the Making Home Affordable program.**

If you have any questions or if you cannot afford the trial period payments shown above but want to remain in your home, or if you have decided to leave your home but still want to avoid foreclosure, please call us at 800-416-1472 as we may be able to help you.  (Also, please review the attached "Frequently Asked Questions")

Sincerely,

*Randy Bockenstedt*
**Randy Bockenstedt**
**Senior Vice President, Servicing**
**Wells Fargo Home Mortgage**

Attachments: (1) Frequently Asked Questions; (2) Additional Trial Period Plan Information and Legal Notices; (3) Trial Period Plan Notice (Verified Income)

This communication is an attempt to collect a debt and any information obtained will be used for that purpose. However, if you have received a discharge of this debt in bankruptcy or are currently in a bankruptcy case, this notice is not intended as an attempt to collect a debt and, this company has a security interest in the property and will only exercise its rights as against the property.

---

Trial Period Plan Notice (Verified Income)          Page 1 of 5          83882MU 04/10 Rev. 07/10



0 7 5 8 4 3 5

With respect to those loans located in the State of California, the state Rosenthal Fair Debt Collection Practices Act and the federal Fair Debt Collection Practices Act require that, except under unusual circumstances, collectors may not contact you before 8 a.m. or after 9 p.m. They may not harass you by using threats of violence or arrest or by using obscene language. Collectors may not use false or misleading statements or call you at work if they know or have reason to know that you may not receive personal calls at work. For the most part, collectors may not tell another person, other than your attorney or spouse, about your debt. Collectors may contact another person to confirm your location or enforce a judgment. For more information about debt collection activities, you may contact the Federal Trade Commission at 1-877-FTC-HELP or www.ftc.gov.

The federal Equal Credit Opportunity Act prohibits creditors from discriminating against credit applicants on the basis of race, color, religion, national origin, sex or marital status, or age (provided the applicant has the capacity to enter into a binding contract); because all or part of the applicant's income derives from any public assistance program; or because the applicant has in good faith exercised any right under the Consumer Credit Protection Act. The federal agency that administers compliance with this law concerning this creditor is Office of the Comptroller of the Currency, Customer Assistance Group, 1301 McKinney Street, Suite 3450, Houston, TX 77010-9050.

The Making Home Affordable Program was created to help millions of homeowners refinance or modify their mortgages. As part of this program, we – your mortgage servicer – and the federal Government are working to offer you options to help you stay in your home.



0 7 5 8 4 3 5

**FREQUENTLY ASKED QUESTIONS**    Here are answers to some of the most common questions.

**Q. What else should I know about this offer?**

- If you make your new payments timely and submit the paperwork by the deadline, we will not conduct a foreclosure sale.
- You will not be charged any fees for this Trial Period Plan or final modification.
- If your loan is modified, we will waive all unpaid late charges.
- Your credit score may be affected by accepting a trial period plan or modification. For more information about your credit score, go to http://www.ftc.gov/bcp/edu/pubs/consumer/credit/cre24.shtm.
- You may be required to attend credit counseling.

**Q. Why is there a trial period?**

The trial period offers you immediate payment relief (and could prevent a foreclosure sale) while we process your paperwork to determine if you qualify for a permanent loan modification.  It also gives you time to make sure you can manage the lower monthly mortgage payment.  Note: This is only a temporary Trial Period Plan. Your existing loan and loan requirements remain in effect and unchanged during the trial period.

**Q. How was my new payment in the trial period determined?**

Your trial period payment is approximately 31% of your total gross monthly income, which you told us was $2,019.00.  The new payment includes principal and interest and an escrow amount of $86.78 to pay property taxes, insurance and other permissible escrow fees. If we were able to modify your loan today, based on the information you gave us, we estimate your modified interest rate would be 2.000%.  If we modify your loan permanently after the trial period, the interest rate may be different due to a variety of factors that affect the terms of your final modification.  If you did not have an escrow account before, the timing of your tax and insurance bills may require that you make a payment to cover any such bills when they come due.  This is known as an escrow shortage.  Your loan has an escrow shortage of $3.27; this can either be paid in a lump sum when the loan is modified or over the next 5 years (or 60 months).  If you wish to pay the total shortage as a lump sum, please contact us.

**Q. When will I know if my loan can be modified permanently and how will the modified loan balance be determined?**

Once we confirm you are eligible for a Home Affordable Modification and you make all of your trial period payments on time, we will send you a modification agreement detailing the terms of the modified loan.  Any difference between the amount of the trial period payments and your regular mortgage payments will be added to the balance of your loan along with any other past due amounts as permitted by your loan documents.  While this will increase the total amount that you owe, it should not significantly change the amount of your modified mortgage payment as that is determined based on your total monthly gross income, not your loan balance.

**Q. Are there incentives that I may qualify for if I am current with my new payments?**

Once your loan is modified, you can earn a pay-for-success incentive for every month that you make on-time payments beginning with the trial period payments.  Depending on your modified monthly payment, you may accrue up to $1,000 each year for five years for a total of $5,000. This important benefit, *which will be applied to your principal balance each year after the anniversary date of your first trial period payment due date*, will help you earn equity in your home by reducing the amount that you owe.  However, you must remain current on your loan.  You will lose this benefit if your modified loan becomes 90 days delinquent at any time during this five year period.  If you lose this benefit, you will lose all accrued, unapplied incentive payments.



0 7 5 8 4 3 5

**Q. Will my interest rate and principal and interest payment be fixed after my loan is permanently modified?**

Once your loan is modified, your interest rate and monthly principal and interest payment will be fixed for the life of your mortgage **unless** your initial modified interest rate is below current market interest rates. In that case, the below market interest rate will be fixed for five years. At the end of the fifth year, your interest rate may increase by 1% per year until it reaches a cap. The cap will equal the market rate of interest being charged by mortgage lenders on the day your modification agreement is prepared (the Freddie Mac Primary Mortgage Market Survey Rate for 30-year, fixed-rate conforming mortgages). Once your interest rate reaches the cap it will be fixed for the remaining life of your loan. Like your trial period payment, your new monthly payment will also include an escrow for property taxes, hazard insurance and other escrowed expenses. If the cost of your homeowners insurance, property tax assessment or other escrowed expenses increases, your monthly payment will increase as well.

**Q. What if I have other questions about Home Affordable Modification that cannot be answered by my mortgage servicer?**

Call the Homeowner's HOPE™ Hotline at **1-888-995-HOPE (4673)**. This Hotline can help with questions about the program and offers access to free HUD-certified counseling services in English and Spanish.

**Q. What if I am aware of fraud, waste, mismanagement or misrepresentations affiliated with the Troubled Asset Relief Program?**

Please contact SIGTARP at 1.877.SIG.2009 (toll-free), 202.622.4559 (fax) or www.sigtarp.gov. Mail can be sent to: Hotline Office of the Special Inspector General for Troubled Asset Relief Program, 1801 L Street NW, Washington, DC 20220.





0 7 5 8 4 3 5

**IMPORTANT PROGRAM INFO**    Here's additional information you need to know about the Home Affordable Modification Program.

### Additional Trial Period Plan Information and Legal Notices

The terms of your trial period plan below are effective on the day you make your first trial period payment, provided you have paid it on or before **November 1, 2010.** You and we agree that:

**We will not proceed to foreclosure sale during the trial period, provided you are complying with the terms of the trial period plan, except as detailed below:**

- During the trial period, any pending foreclosure action or proceeding will not be dismissed and may be immediately resumed if you fail to comply with the terms of the trial period plan or do not qualify for a modification. A new notice of default, notice of intent to accelerate, notice of acceleration, or similar notice will not be necessary to continue the foreclosure action (foreclosure notices). You waive any and all rights to receive such foreclosure notices to the extent permitted by applicable law. However, if your property is located in Georgia, Hawaii, Missouri, or Virginia and a foreclosure sale is currently scheduled, the foreclosure sale will not be suspended and foreclosure may proceed if you do not make each and every trial period payment that is due through the end of the month preceding the month in which the foreclosure sale is scheduled to occur. For example, if a foreclosure sale is scheduled in February and you do not make your January and any earlier required trial period payment by the end of January, the foreclosure sale may proceed in these four states. If a foreclosure sale occurs pursuant to this provision, the trial period plan will be deemed to have terminated.

**During the trial period, we may accept and post your trial period payments to your account and it will not affect foreclosure proceedings that have already been started.**

- The servicer's acceptance and posting of your new payment during the trial period will not be deemed a waiver of the acceleration of your loan or foreclosure action and related activities, and shall not constitute a cure of your default under your loan unless such payments are sufficient to completely cure your entire default under your loan.

**If your monthly payment did not include escrows for taxes and insurance, you are now required to do so:**

- You agree that any prior waiver that allowed you to pay directly for taxes and insurance is revoked. You agree to establish an escrow account and to pay required escrows into that account.

**Your current loan documents remain in effect; however, you may make the trial period payment instead of the payment required under your loan documents:**

- You agree that all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the trial period plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

---



0  7  5  8  4  3  5