UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

CHAPTER 13 PLAN COVER SHEET

| | | | |
|---|---|---|---|
| Filing Date: | 6/30/10 | Docket #: | 10-17127 |
| Debtor: | Lee Duncan | Co-Debtor: | |
| SS#: | xxx-xx-0584 | SS#: | |
| Address: | 171 South St. Unit 15A<br>Jamaica Plain, MA 02130 | Address: | |

| | |
|---|---|
| Debtor's Counsel: | Hsindy Chen |
| Address: | 99 Chauncy Street<br>Boston, MA 02111 |
| Telephone #: | 617 423 0648 |
| Facsimile #: | 617 423 0061 |

ATTACHED TO THIS COVER SHEET IS THE CHAPTER 13 PLAN FILED BY THE DEBTOR(S) IN THIS CASE. THIS PLAN SETS OUT THE PROPOSED TREATMENT OF THE CLAIMS OF CREDITORS. THE CLAIMS ARE SET FORTH IN THE BANKRUPTCY SCHEDULES FILED BY DEBTOR(S) WITH THE BANKRUPTCY COURT.

YOU WILL RECEIVE OR HAVE RECEIVED A SEPARATE NOTICE FROM THE BANKRUPTCY COURT OF THE SCHEDULED CREDITORS' MEETING PURSUANT TO 11 U.S.C. § 341. THAT NOTICE WILL ALSO ESTABLISH THE BAR DATE FOR FILING PROOFS OF CLAIMS.

PURSUANT TO THE MASSACHUSETTS LOCAL BANKRUPTCY RULES, YOU HAVE UNTIL FIFTEEN (15) DAYS AFTER THE SECTION 341 MEETING TO FILE AN OBJECTION TO CONFIRMATION OF THE CHAPTER 13 PLAN, WHICH OBJECTION MUST BE SERVED ON THE DEBTOR, DEBTOR'S COUNSEL AND THE CHAPTER 13 TRUSTEE.

UNITED STATES BANKRUPTCY COURT
DISTRICT OF MASSACHUSETTS

**CHAPTER 13 PLAN**   Docket # __10-17127__

DEBTORS:  (H)  __Lee Duncan__                    SS#  __xxx-xx-0584__

(W)  _____          SS#  _____

TERM OF THE PLAN   __60__ Months

(If the plan is longer than thirty-six (36) months, a statement of cause pursuant to 11 U.S.C. § 1322 (d) must be attached hereto.)

PLAN PAYMENT: Debtor(s) to pay monthly: $ __125.00__

## I. SECURED CLAIMS

A. CLAIMS TO BE PAID THROUGH THE PLAN (INCLUDING ARREARS):

| Creditor | Description of claim (pre-petition arrears, purchase money, etc.) | Amount of claim |
|---|---|---|
| Arborview Condominium CTA | Pre-petition arrears | $ 5,424.84 |

Total of secured claims to be paid through the Plan  $ __5,424.84__

B. CLAIMS TO BE PAID DIRECTLY TO CREDITORS (Not through Plan):

| Creditor | Description of Claim |
|---|---|
| Arborview Condominium CTA | Condominium Association Fees and Assessment fees. |

## II. PRIORITY CLAIMS

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| Department of the Treasury | Federal income tax debt. | $ 859.52 |
| Massachusetts Department of Revenue | State income tax debt. | $ 446.07 |

Total of priority claims to be paid through the plan  $ __1,305.59__

## III. ADMINISTRATIVE CLAIMS

A. Attorneys fees (to be paid through the plan): $ __0.00__
(to be paid in first 12 months of plan)

B. Miscellaneous fees:

| Creditor | Description of claim | Amount of claim |
|---|---|---|
| -NONE- | | $ |

 C. The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% trustee's commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

## IV. UNSECURED CLAIMS

The general unsecured creditors shall receive a dividend of __0__ % of their claims.

 A. General unsecured claims:    $ __163,166.28__

 B. Undersecured claims arising after lien avoidance/cramdown:

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| -NONE- | | $ | |

 Total of A + B general unsecured claims:   $ __163,166.28__

 C. Multiply total by percentage of dividend: $ __0.37__
 (Example: Total of $38,500.00 x .22 dividend = $8,470.00)

 D. Separately classified unsecured claims (co-borrower/student loan, etc.) :

| Creditor | Description of claim | | Amount of claim |
|---|---|---|---|
| -NONE- | | $ | |

 Total amount of separately classified claims payable at ___%   $ __0.00__

## V. OTHER PROVISIONS

 A. Liquidation of assets to be used to fund plan:

 B. Modification of Secured Claims: Set forth details of modifications below or on attached sheets. This information should include name of creditor and detailed explanation of the modification. The total amount of the secured claim that is to be paid through the plan (inclusive of interest) should be set forth in Section I of this Plan.

| Creditor | Modification |
|---|---|
| -NONE- | |

 C. Miscellaneous provisions:

## VI. CALCULATION OF PLAN PAYMENT

| | | | |
|---|---|---|---:|
| a. Secured claims (Section I-A Total): | | $ | 5,424.84 |
| b. Priority claims (Section II Total): | | +$ | 1,305.59 |
| c. Administrative claims (Section III A + B Total): | | +$ | 0.00 |
| d. General unsecured claims (Section IV-C Total): | | +$ | 0.37 |
| e. Separately classified unsecured claims (Section IV-D Total): | | +$ | 0.00 |
| f. Total of (a) through (e) above: | | =$ | 6,730.80 |
| g. Divide (f) by .90 for total including Trustee's fee: | Cost of Plan | =$ | 7,478.40 |
| | (This represents the total amount to be paid into the chapter 13 plan) | | |
| h. Divide (g) Cost of Plan by Term of plan: | | | 60 months |
| i. Round up to nearest dollar: | Monthly Plan Payment: | $ | 125.00 |

Software Copyright (c) 1996-2010 Best Case Solutions - Evanston, IL - www.bestcase.com    Best Case Bankruptcy

(Enter this amount on page 1)

Pursuant to 11 U.S.C. § 1326(a) (1), unless the Court orders otherwise, a debtor shall commence making the payments proposed by a plan within thirty (30) days after the plan is filed.

## LIQUIDATION ANALYSIS

I. Real Estate:

| Address | Fair Market Value | Recorded Liens (Schedule D) |
|---|---|---|
| **Condominium 171 South Street, Unit 15 A Jamaica Plain, MA 02130** | $ 213,500.00 | $ 90,345.78 |

Total Net Equity for Real Property:  $ 123,154.22
Less Exemptions (Schedule C):  $ 123,154.22
Available Chapter 7:  $ 0.00

II. Automobile (Describe year, make and model):

**1995 Toyota Corolla.**    Value $ 700.00    Lien $ 0.00    Exemption $ 700.00

Net Value of Equity:  $ 700.00
Less Exemptions (Schedule C):  $ 700.00
Available Chapter 7:  $ 0.00

III. All Other Assets (All remaining items on Schedule B):  (Itemize as necessary)

Value: $ 3,663.00    Less Exemptions (Schedule C): $ 2,825.00
                    Available Chapter 7: $ 838.00

SUMMARY (Total amount available under Chapter 7):

Net Equity (I and II) Plus Other Assets (III) less all claimed exemptions:  $ 838.00

Additional Comments regarding Liquidation Analysis:

Pursuant to the Chapter 13 rules, the debtor or his or her counsel is required to serve a copy of the Amended Plan upon the Chapter 13 trustee, all creditors and interested parties, and to file a certificate of service accordingly.

**/s/ Hsindy Chen**    **October 28, 2010**
**Hsindy Chen**    Date
Debtor's counsel
Address:    **99 Chauncy Street**
            **Boston, MA 02111**
Telephone #:    **617 423 0648 Fax:617 423 0061**

I/WE DECLARE UNDER THE PENALTIES OF PERJURY THAT THE FOREGOING REPRESENTATIONS OF FACT ARE TRUE AND CORRECT TO THE BEST OF OUR KNOWLEDGE AND BELIEF.

Date **October 28, 2010**    Signature    **/s/ Lee Duncan**
                                          **Lee Duncan**
                                          Debtor